**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4165
_____

UNITED STATES OF AMERICA

v.

BENISAIDA MENO-BRUNO,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00230-002)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2015

Before: AMBRO, FUENTES, and GREENBERG, _Circuit Judges._

(Filed:  September 9, 2015)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge.*

Benisaida Meno-Bruno challenges the reasonableness of her within-guidelines range sentence. For the following reasons, we affirm.[1]

## I.

Meno-Bruno, along with her husband and two stepsons, was involved in a large-scale cocaine and heroin distribution ring. For her part, Meno-Bruno was observed on multiple occasions handing drugs to her codefendants during pre-arranged drug deals with confidential informants. The police arrested her in a vacant building used to store drugs, weapons, and large amounts of money. Meno-Bruno was indicted on a four-count indictment charging various drug offenses, including conspiracy to distribute and possess with the intent to distribute cocaine hydrochloride and heroin. In January 2014, she was convicted on three counts by a jury.

The sentencing hearing took place in October 2014. At the hearing, but prior to imposition of the sentence, Meno-Bruno's counsel raised an objection to the Pre-Sentence Report arguing that the drug offense levels overstated the seriousness of the offense in light of the pending applicability of Amendment 782. The United States Sentencing Commission passed this Amendment in July 2014, which was to take effect in

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

November 2014.[2]  The Amendment "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties."[3]  The District Court rejected Meno-Bruno's argument, explaining that "[it did not] know what [the factors] w[ould] be.  I have to say that at this juncture, I would have a hard time saying the words that I find the offense level overstates the seriousness of the offense here.  I clearly don't think it does.  I think what we have here is a lack of proof. . . . I think that Ms. Benisaida Meno-Bruno, her involvement was much greater than what she is being held responsible for."[4]  After consideration of the § 3553(a) factors, the District Court found that Meno-Bruno and her husband were operating drug premises, but it did not hold her responsible for the full amount of the drugs because Meno-Bruno's level of involvement was unclear.  Ultimately, the District Court sentenced her to 21-months' imprisonment.  This appeal followed.

---

[2] The Amendment further provided that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  U.S.S.G. 1B1.10(e).  The Sentencing Commission's reasons for the one year delay included alleviating overcrowded prisons, accommodating the sheer number of prisoners affected, allowing courts time to prepare for the influx of cases, and accounting for the public safety interest involved with offenders' reentry into society.  79 Fed. Reg. 44973-01.

[3] 79 Fed. Reg. 25996-02.

[4] App. 44.

**II.**

On appeal, Meno-Bruno argues that the District Court's sentence was unreasonable because it failed to consider the applicability of Amendment 782. We review sentences for both procedural and substantive reasonableness.[5] First, we begin with procedural error, determining whether the District Court erred, for example, by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[6] Absent procedural error, we then review for substantive reasonableness. "We will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'"[7]

The thrust of Meno-Bruno's argument is that the District Court erred in failing to consider and then to apply the two-level downward variance permitted by Amendment

---

[5] *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[6] *United States v. Hoffecker*, 530 F.3d 137, 196 (3d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

[7] *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010) (quoting *United States v. Tomko*, 526 F.3d 558, 568 (3d Cir. 2009)).

4

782.[8]  The Amendment, however, went into effect on November 1, 2014, one month after Meno-Bruno was sentenced.  While we appreciate Meno-Bruno's argument regarding proximity in time, the District Court properly applied the Guidelines in effect at the time of sentencing, and we may not apply the amendment retroactively on appeal.[9]  Moreover, we also reject Meno-Bruno's argument that the District Court failed to consider application of the Amendment.  The District Court considered the Amendment, but held that application in this case was not warranted because the sentence did not overstate the seriousness of the crime.  Instead, the District Court found that, if anything, it likely understated Meno-Bruno's involvement in the scheme.

Thus, we conclude that the District Court properly calculated the advisory Guidelines range, gave thorough consideration to the appropriate § 3553(a) factors, and adequately explained the reasoning for rejecting Meno-Bruno's request for a downward variance.  Because Meno-Bruno fails to prove that "no reasonable sentencing court would

---

[8] While Meno-Bruno characterizes this as a substantive unreasonableness argument, in truth it is an argument of procedural unreasonableness—i.e., "the form that the sentencing procedure has taken, *e.g.*, a court's failure to give meaningful review to a defendant's substantive arguments." *United States v. Flores-Mejia*, 759 F.3d 253, 256-57 (3d Cir. 2014).  Because Meno-Bruno failed to object on the record to any misapplication of the § 3553(a) factors after his sentencing, our review is for plain error.  *Id.* at 258.

[9] *United States v. Wise*, 515 F.3d 207, 220 ("[W]e have previously ruled that a post-sentencing amendment reducing the base offense level applicable to a particular offense is a substantive change and is therefore not applied retroactively to cases on appeal.").

5

have imposed the same sentence," we find neither procedural nor substantive unreasonableness.[10]

## III.

Accordingly, for all the reasons stated above, we affirm the District Court's sentence. We note, however, that Meno-Bruno may file a motion with the District Court seeking a reduction in his term of imprisonment.[11] The District Court may reduce his sentence, if appropriate, provided that the effective date of the order is November 1, 2015, or later.[12]

---

[10] *Tomko*, 562 F.3d at 568.

[11] *See* 18 U.S.C. § 3582(c)(2); *Wise*, 515 F.3d at 220-21.

[12] *See* U.S.S.G. § 1B1.10(a), (d), (e)(1), cmt. 6.